UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------
In re

    ANDREA G. A. HARDY,                                       14-11898 MJK
    fka Andrea G. Patterson, fka Andrea G. Fulton

                                Debtor                       <u>DECISION & ORDER</u>
-------------------------------------------------------
D'YOUVILLE COLLEGE,

                                Plaintiff

                v.                                              AP 14-1085 CLB

ANDREA G.A. HARDY,

                                Defendant
-------------------------------------------------------

                        R. Thomas Burgasser PLLC
                        R. Thomas Burgasser, Esq., of counsel
                        825 Payne Avenue
                        North Tonawanda, NY 14120
                        Attorney for Plaintiff-creditor

                        David F. Butterini, Esq.
                        919 Kenmore Avenue
                        Buffalo, New York 14223
                        Attorney for Debtor


Bucki, U.S.B.J.

      Although educational loans are generally not dischargeable in bankruptcy, the benefit of a discharge will extend to a mere obligation for unpaid tuition. *See Cazenovia College v. Renshaw (In re Renshaw)*, 222 F.3d 82 (2d Cir. 2000). For the second time this year, we consider the character of a student's liability. Previously, in the case of *D'Youville College v. Girdlestone (In re Girdlestone)*, 525 B.R. 208 (Bankr. W.D.N.Y. 2015), this court held that an obligation to pay tuition due for the 1995-1996 academic year did not constitute an educational loan. Today, we examine whether a similar conclusion derives from different protocols that the same college used fifteen years later to address an outstanding student obligation.

      Andrea Patterson was a student at D'Youville College during the spring semester of 2011. Prior to the start of classes, on December 19, 2010, she electronically signed a document

entitled "D'Youville College Financial Agreement." In this instrument, Patterson acknowledged "that by registering for classes I am agreeing to pay D'Youville College all tuition and fees and any other balances associated with my registration . . . ." Patterson registered for classes, but apparently failed to pay the required tuition. Instead, on March 11, 2011, Andrea Patterson executed a promissory note, whereby she agreed to pay to D'Youville College the balance due for tuition in the amount of $6,773.86. On account of the note, Andrea Patterson made one payment of $500 in April of 2011, but has otherwise defaulted.

Andrea Patterson is now known by the name of Andrea G. A. Hardy. On August 18, 2014, Mrs. Hardy filed a petition for relief under Chapter 7 of the Bankruptcy Code. In schedules filed with her petition, the debtor acknowledged an outstanding indebtedness to D'Youville College. Meanwhile, D'Youville has filed a proof of claim which asserts an outstanding liability of $6,684.74. On November 7, 2014, the College commenced the present adversary proceeding, by which it seeks a judgment declaring that this debt is non-dischargeable under 11 U.S.C. § 523(a)(8). Both the debtor and D'Youville College have now cross moved for summary judgment.

Section 523(a)(8)(A)(i) of the Bankruptcy Code provides that except in those instances where repayment would impose an undue hardship on the debtor and her dependents, a discharge in Chapter 7 does not discharge an individual debtor from any debt for "an educational benefit overpayment or loan . . . made under any program funded in whole or in part by a governmental unit or nonprofit institution." Here, the debtor concedes that D'Youville College is an educational not-for-profit corporation. Although Mrs. Hardy admits an outstanding liability to D'Youville, she contends that her obligation is a mere payable and does not qualify as an educational loan.

In *Cazenovia College v. Renshaw (In re Renshaw)*, 222 F.3d 82 (2d Cir. 2000), the Court of Appeals established the definition of loan for purposes of the non-dischargeability provisions of 11 U.S.C. § 523(a)(8):

> "To constitute a loan there must be (i) a contract, whereby (ii) one party transfers a defined quantity of money, goods, or services, to another, and (iii) the other party agrees to pay for the sum or items transferred at a later date. This definition implies that the contract to transfer items in return for payment later must be reached prior to or contemporaneous with the transfer. Where such is the intent of the parties, the transaction will be considered a loan regardless of its form. Absent such an agreement, failure to pay a bill when due does not create a loan."

222 F.3d at 88 (citations deleted). In the present instance, Mrs. Hardy executed two agreements. The D'Youville College Financial Agreement essentially memorialized an understanding that D'Youville would provide educational services in exchange for a commitment to pay the balance due for tuition. The parties then incorporated the terms of that repayment into the promissory note that Hardy signed on March 11, 2011. Together, these documents confirm the existence of a contract that satisfies the requirements of a loan. By itself, the D'Youville College Financial Agreement contains Hardy's promise to pay for the cost of educational services, but without specification of a payment schedule. The promise to pay at a later date was then clarified in the promissory note, which included a precise timetable for future payments. Executed early during the course of the semester, this promise of payment was made contemporaneously with the transfer of services in the form of access to the school's academic programs. Thus, the arrangement satisfies the Second Circuit's definition of loan.

The debtor contends that a loan can only arise upon an actual exchange of funds. To the contrary, the Court of Appeals in *Cazenovia College v. Renshaw* viewed an approach "that would require money actually to change hands before a transaction could be considered a 'loan,' as reading the exception to dischargeability too restrictively." 222 F.3d at 91. While a loan may involve a transfer of money, it can also derive from the transfer of goods or services. Thus, in its review of prior decisions, the Court of Appeals recognized these alternatives:

> "Courts generally have held that nonpayment of tuition can qualify as an educational loan under § 523(a)(8) only in two classes of cases. In the first, funds have changed hands. . . . In the second, there is an agreement between the college and the student whereby the college extends credit to the student, permitting him to attend classes without paying tuition, in

> return for his agreement to pay tuition at a future date. Such an agreement may take the form of a promissory note . . . or some other written agreement to repay a specific amount of money, in cash or in kind . . . or an oral agreement . . . ."

222 F.3d at 90. In the present instance, even without a transfer of funds, the Financial Agreement and subsequent note together stand as evidence of a loan agreement to repay the cost of tuition at a future date.

We readily distinguish the present case from the facts that the court considered earlier this year in *D'Youville College v. Girdlestone (In re Girdlestone)*, 525 B.R. 208 (Bankr. W.D.N.Y. 2015). Mrs. Girdlestone never executed a promissory note, but signed a document that merely acknowledged a liability to pay tuition. Because the acknowledgment did not translate into a promise of future payment, we found that D'Youville College had "submitted no better evidence of a loan relationship, as opposed to the existence of a mere receivable." 525 B.R. at 210. This is not to say that a promissory note is a prerequisite for a finding of non-dischargeability under 11 U.S.C. § 523(a)(8)(A)(i). In the present instance, however, the note confirms a contemporaneous agreement between D'Youville and Hardy to transfer services in exchange for the promise of future payment. Mrs. Hardy's obligation, therefore, satisfies the requirements of a loan.

Having established the existence of a loan for educational purposes, D'Youville College readily fulfills the statute's remaining but otherwise inclusive standard for non-dischargeabilty, namely that the loan be "made under *any* program funded in whole or in part by a . . . nonprofit institution." 11 U.S.C. § 523(a)(8)(A)(i)(emphasis added). For the reasons stated herein, the debtor's motion for summary judgment is denied, but the cross motion by D'Youville College for summary judgment is granted. Accordingly, the court grants judgment declaring that the obligation of Andrea G. A. Hardy to D'Youville College is non-dischargeable.

So ordered.

Dated:     Buffalo, New York                              /s/         CARL L.  BUCKI

August 13, 2015    Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.